Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Julie M. King;<br><br>Plaintiff,<br><br>v.<br><br>Consumer Recovery Associates, LLC;<br><br>Defendant. | No.<br><br><br><br>COMPLAINT<br><br><br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

### II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.  JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## IV.  PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).
11. Defendant Consumer Recovery Associates, LLC ("CRA") is a Virginia limited liability company that has registered with the Arizona Corporation Commission.
12. CRA is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0910840.
13. CRA collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, CRA collects or attempts to collect debts it has purchased after default.
15. CRA is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## V.  FACTUAL ALLEGATIONS

16. In or about January 2010, CRA was assigned an alleged debt which it claims Plaintiff owes to Ameritech Gold.
17. Upon information and belief, the alleged debt with Ameritech Gold was incurred for personal, family and household purposes.
18. Any debt which Plaintiff would have incurred, was used for personal,

|   |     |                                                                                 |
|---|-----|---------------------------------------------------------------------------------|
| 1 |     | family and household purposes.                                                  |
| 2 | 19. | The alleged debt was assigned to CRA for collection purposes.                   |
| 3 | 20. | In early January 2010, CRA telephoned Plaintiff at her home concerning the Ameritech debt. |
| 5 | 21. | This call was the initial communication from CRA concerning the Ameritech debt. |
| 7 | 22. | Plaintiff's fiancee, Larry Robidoux answered the call.                          |
| 8 | 23. | The CRA collector asked for Plaintiff who was unable to come to the phone at that time. |
| 10| 24. | The next day, the CRA collector telephoned Plaintiff again at her home concerning the Ameritech debt. |
| 12| 25. | Larry answered the phone and informed the CRA collector that Plaintiff was not home, and asked him to call back. |
| 14| 26. | On or about January 13, 2010, a CRA collector telephoned Plaintiff at her home concerning the Ameritech debt. |
| 16| 27. | The caller ID showed the call was coming from 310-424-5690.                    |
| 17| 28. | Plaintiff answered the phone to the woman collector.                           |
| 18| 29. | The CRA collector told Plaintiff that she was not calling from a collection agency. |
| 20| 30. | Plaintiff told the collector that she did not recognize Ameritech Gold as one of her creditors. |
| 22| 31. | The woman collector handed the phone over to a man collector who immediately became rude and threatening to Plaintiff. |
| 24| 32. | The collector repeatedly threatened that CRA would take legal action against Plaintiff if she refused to pay the Ameritech debt. |

- 4 -

33. Plaintiff asked that CRA provide her with some proof that she owed a debt to Ameritech.
34. The CRA collector told Plaintiff that CRA would settle the debt for her payment of $662.50.
35. The CRA collector also demanded that Plaintiff give her checking account information right then on the phone.
36. Plaintiff told the CRA collector that she would need the settlement offer in writing before she would think about giving CRA a check.
37. The CRA collector told Plaintiff that she would need to give CRA a check and then it would send her the information concerning the Ameritech debt and that it would settle the account for $662.50.
38. When Plaintiff refused to give the CRA collector a check, the collector called Plaintiff a thief, and stated that "you stole money from these people."
39. Upset with CRA's harassment, Plaintiff hung up the phone.
40. The CRA collector immediately called Plaintiff back again.
41. When Plaintiff answered the phone the CRA collector started harassing and was rude to her.
42. Plaintiff finally handed the phone to her fiancee who listened to the CRA collector ramble on and on.
43. The collector stated that it was Plaintiff's responsibility to pay the Ameritech debt.
44. Finally, Larry told the collector that all Plaintiff wants is some proof that she owes the debt, and a letter saying that CRA would accept the settlement amount in full settlement of the Ameritech debt.

| | | |
|---|---|---|
| 1 | 45. | The CRA collector then got nasty again. |
| 2 | 46. | Larry asked the CRA collector to speak with his supervisor. |
| 3 | 47. | The CRA collector stated that he did not have a supervisor. |
| 4 | 48. | Larry then asked for his name and identification number, but the collector refused to provide this information. |
| 6 | 49. | When Larry asked again to speak with a supervisor, the collector handed the call over to another collector who initial said he was the supervisor. |
| 9 | 50. | This CRA collector later admitted he was not a supervisor. |
| 10 | 51. | When Larry told this CRA collector that they were going to file complaints against them, the CRA collector said "What are you going to complain about? Your wife's a thief and she stole this money." |
| 13 | 52. | The collector also threatened stating "You don't know who you're dealing with." |
| 15 | 53. | The call was terminated shortly thereafter. |
| 16 | 54. | On or about January 14, 2010, a CRA collector called Plaintiff at her come concerning the Ameritech debt. |
| 18 | 55. | The caller ID showed that the call was coming from 310-424-5690. |
| 19 | 56. | This CRA collector, who identified himself as Conrad Grey, said that the other collectors worked on commission and "that made them more aggressive and they get carried away." |
| 22 | 57. | Grey told Plaintiff that he was not on commission so he would not act in the way the other collectors had acted. |
| 24 | 58. | Plaintiff then asked the collector for proof that the Ameritech debt was hers. |

59. Grey told Plaintiff that she actually had two accounts with CRA that she needed to pay.
60. Grey also told Plaintiff that both accounts showed the same amount owing, but had different account numbers.
61. Grey told Plaintiff that he thinks that the two accounts were actually the same.
62. Plaintiff again asked that CRA send her some proof of the debt or debts, and a letter confirming the settlement proposal.
63. Grey agreed to send her a letter documenting the settlement agreement, but only if Plaintiff would give him her checking account information.
64. Plaintiff has never received any written communication from CRA concerning the Ameritech debt.
65. Upon information and belief, the number 310-424-5690 which displayed on Plaintiff's caller ID was not a number belonging to CRA, but was a number spoofed by CRA to avoid the true identity of the caller.
66. At all times relevant herein, CRA's collectors were acting on behalf of and as agents for CRA.
67. CRA is liable for the actions of its collectors, including those action which violate the FDCPA.
68. CRA's actions as set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.
69. In the alternative, Defendant's actions were negligent.

VI.  Causes of Action

a.  Fair Debt Collection Practices Act

70. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

71. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k(a)(2)(A);

b) Actual damages pursuant to FDCPA § 1692k(a)(1) in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k(a)(3); and

d) Such other relief as may be just and proper.

/ / /
/ / /

- 8 -

1
2          DATED   February 12, 2010   .
3
4                                             s/ Floyd W. Bybee
                                          Floyd W. Bybee, #012651
5                                         BYBEE LAW CENTER, PLC
                                          4445 E. Holmes Avenue
6                                         Suite 107
                                          Mesa, AZ 85206-3398
7                                         Office: (480) 756-8822
                                          Fax: (480) 302-4186
8                                         floyd@bybeelaw.com
9                                         Attorney for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25